**David R. LUCY, Plaintiff,**

v.

**MANVILLE SALES CORPORATION, Defendant.**

**Civ. A. No. 86–F–2394.**

United States District Court, D. Colorado.

Dec. 29, 1987.

Curtis L. Kennedy, Denver, Colo., for plaintiff.

Ulrico S. Rosales, Steven J. Merker, Denver, Colo., for defendant.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

This is an employment discrimination case. Plaintiff, a former employee of the defendant, claims he was denied a promotion because of his race and age. Plaintiff brings claims based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 626 *et seq.* A jury trial was held on the ADEA and § 1981 claims on December 7 through December 10, 1987. The jury returned a verdict for the defendant on both claims. Pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure, the plaintiff has filed a Motion for Judgment Notwithstanding the

Verdict or, in the Alternative, for a New Trial on the ADEA and 42 U.S.C. § 1981 claims.

■ Plaintiff contends the court erred in excluding EEO-1 reports, evidence of Manville's Human Resources Development Plans and testimony by former Manville employees regarding derogatory remarks about blacks at the company. During trial, we allowed wide latitude in the admission of evidence indicating minorities were underrepresented at Manville and that Manville's management programs did not contain minority employees. Any further evidence would have merely cumulative. The proposed testimony of James Burt and Herbert Taylor, former Manville employees, regarding the racially discriminatory atmosphere and remarks at the company was irrelevant because it did not involve the pertinent decisionmakers or refer to the plaintiff. *See Oxman v. WLS–TV,* 641 F.Supp. 652, 654 (N.D.Ill.1986). *Cf. Thompson v. McDonnell Douglas Corp.,* 416 F.Supp. 972, 981 (E.D.Mo.1976), *aff'd* 552 F.2d 220 (8th Cir.1977).

■ The jury was not instructed on the constructive discharge claim because it was not alleged in the complaint or at any time prior to the trial. A constructive discharge occurs when an employer deliberately makes or allows the employee's working conditions to become so intolerable the employee has no other choice but to quit. *Irving v. Dubuque Packing Co.,* 689 F.2d 170, 172 (10th Cir.1982). There was no evidence introduced to support such a claim. Moreover, plaintiff would not have been entitled to lost wages if this claim prevailed because he resigned from Manville. *See Derr v. Gulf Oil Corp.,* 796 F.2d 340, 342 (10th Cir.1986).

■ The weight of the evidence supported the jury's verdict that there was no age or race discrimination in the decision to promote Jerry Dukes over the plaintiff. The defendant articulated and established legitimate, nondiscriminatory reasons for its employment decision.

ACCORDINGLY, plaintiff's Motion for Judgment Notwithstanding the Verdict or, in the Alternative, For a New Trial is DENIED.